UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   Plaintiff,<br><br> v.<br><br>KURT BATES,<br><br>   Defendant. | Case No. 1:11-cr-00123-BLW<br><br>MEMORANDUM DECISION AND ORDER |

  The Court has before it Defendant Kurt Bates' First Motion in Limine (Dkt. 84). Bates is charged with money laundering and conspiracy to launder money. Bates seeks to exclude the expert testimony of Gregory Gleason, who is being offered to testify as an expert about money laundering. For the reasons set forth below, the Court will grant in part and deny in part Bates' Motion.

## ANALYSIS

  Rule 702 provides that expert testimony may be admitted if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Expert knowledge

assists the trier of fact when it provides knowledge beyond the trier of fact's common knowledge. *United States v. Finley,* 301 F.3d 1000, 1008 (9th Cir. 2002). Conversely, expert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because such testimony would not assist the trier of fact in analyzing the evidence. *See, e.g., Beech Aircraft Corp. v. United States,* 51 F.3d 834, 842 (9th Cir.1995). Also, the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law, or the role of the jury in applying that law to the facts before it. *United States v. Scholl,* 166 F.3d 964 (9th Cir. 1999).

Methods of money laundering and structuring are not self-evident to a layperson, and the Court finds that expert testimony on these topics will assist the jurors in understanding the evidence. Fed.R.Evid. 702. The Court will therefore allow Gleason to testify regarding the theory and processes of money laundering. Gleason may explain what "concealment" money laundering is and speak generally regarding the more esoteric aspects of "concealment money laundering." *C.f., U.S. v. Johnson*, 735 F.2d 1200, 1202 (9th Cir. 1984) (allowing government agent to testify as to the general practices of criminals to establish the defendants' modus operandi).

But he will not be permitted to express an opinion on ultimate conclusions of law or fact – such as whether the case amounts to money laundering or not, and whether certain behavior at issue in this case would be a typical money laundering activity. Specifically, Gleason cannot state "that knowingly allowing a person to use a false

identification to make a purchase with proceeds believed to have been derived from the specified unlawful activity is a form of concealment money laundering" as he proposes. *Summary of Gleason Testimony* at 1, 85-2. Nor can he testify "that not filing a Form 8300, or filing a Form 8300 that does not accurately identify the person who furnished the funds in a financial transaction or other information required by law, such as the person's social security number, is a form of concealment money laundering." *Id.*

The Court will instruct the jury on the law of concealment money laundering, and the Government may argue in closing that Bates engaged in conduct that falls within the Court's definition. The jury may draw its own inferences based on the evidence and the jury instructions. When an expert undertakes to tell the jury what result to reach this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination. For this reason, Gleason should avoid legal conclusions, which usurps the jury's role. *See, e.g., Aguilar v. International Longshoremen's Union Local No.* 10, 966 F.2d 443, 447 (9th Cir. 1992).

In this same vein, the Court agrees with Bates that Gleason's resume does not establish that his expertise is in the law, or the policies behind and the purposes and goals of the law. Therefore, while the Court finds that Gleason may testify generally about the purposes, methods and structuring of money laundering schemes, it concludes that he may not testify about the policies and purposes behind money laundering laws. For

example, Gleason could testify that parties to money laundering schemes typically conduct financial transactions in a manner intended to shield the nature, source, ownership, and control of illegally-obtained proceeds from law enforcement authorities. By contrast, Gleason cannot testify that this type of conduct violates the money laundering laws, or that the money laundering laws are designed to prohibit this type of conduct. As noted above, the Court will instruct on the law, and the jury will apply the law to the facts before it.

With these parameters in mind, the Court will allow Gleason to testify. Because the Court cannot now know what exact form Gleason's testimony will take at trial, it may revisit this issue as the case and testimony unfolds.

## ORDER

**IT IS ORDERED that** Defendant's Motion in Limine (Dkt. 84) is GRANTED IN PART and DENIED IN PART.

DATED: May 4, 2012

B. Lynn Winmill
Chief Judge
United States District Court