UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KURT BATES,<br><br>Defendant. | Case No. 1:11-cv-00123-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is the United States' Motion In Limine (Dkt. 87). The Court has determined that oral argument would not significantly assist the determination of the issue, and will therefore decide the motions without a hearing. As is explained below, the Court finds that the motion should be GRANTED in part and DENIED in part.

# BACKGROUND

Monte Johnson, who has been identified as a potential witness for the Government in this case, has felony convictions for Attempting to Elude a Police Officer, Stalking, and Driving Under the Influence. *Mot.*, Dkt. 87. Johnson was sentenced for the first of these convictions, Attempting to Elude Police Officers, on April 9 2002, more than ten years ago. *Id.* Rather than a term of confinement, Johnson received a sentence of probation for three years. *Id.* Johnson's second conviction, for Stalking, occurred in 2001. Johnson received a two year term of confinement, but it was not imposed until January of 2005. *Id.* The last conviction, for Driving Under the Influence, occurred in 2009. *Id.*

Johnson will testify regarding financial crimes. Although he was initially indicted for his involvement with the alleged money laundering scheme, he has since pleaded guilty to conspiracy. The Government now seeks to prohibit the use of evidence of his prior convictions to impeach Johnson's credibility at trial.

# LEGAL STANDARD

Federal Rule of Evidence 609 governs the admission of evidence of a prior felony conviction to impeach a witness. The Rule provides that a prior felony conviction of a witness which is less than 10 years old "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant. . . ." Fed.R.Evid. 609(a)(1) & (b). Rule 403, in turn, provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by…unfair prejudice." Fed.R.Evid. 403. Read together, the rules direct the trial court that it "must" admit a witness's prior felony

conviction, unless it finds that the probative value of the convictions are "substantially outweighed" by unfair prejudice. In making this determination, the Ninth Circuit has established five factors that should be considered: "(1) the impeachment value of the prior crime; (2) the point in time of conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the [witness]'s testimony; and (5) the centrality of the credibility issue." *U.S. v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000) (edited for clarity).

On the other hand, if the felony conviction is more than 10 years old a different analysis is used. When more than 10 years has passed since the individual was convicted of the crime, or released from confinement, then the evidence can be used only if the trial court determines that its probative value "substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b).

## ANALYSIS

Here, the Stalking conviction occurred in 2001, more than 10 years ago. However, he was sentenced to a term of incarceration on that charge in 2005. On the other hand, the DUI conviction occurred in 2009. Accordingly, evidence of those convictions "must" be admitted unless the Court is persuaded that their probative value as impeachment evidence is substantially outweighed by the prejudicial impact of the evidence.

Under the first factor, the impeachment value of the convictions, "prior felony convictions which not in themselves implicate the veracity of a witness … have little

impact on credibility." *U.S. v. Bagley*, 773 F.2d 482, 487 (9th Cir. 1985). Because neither the DUI nor the Stalking convictions impugn Johnson's veracity, neither conviction – standing alone – would have a meaningful impact on his credibility.

The second factor considers when the conviction occurred and the witness's subsequent history. As the Ninth Circuit has noted, "a serious felony record could cause a jury to completely disregard [a witness's] testimony and possibly to conclude from it that the government's entire case is suspect." *U.S. v. Bemal-Obeso*, 989 F.2d 331, 336 (9th Cir. 1993). Additionally, when the prior felony conviction occurred recently there is more likelihood that the witness's testimony is suspect. *See U.S. v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987). Here, Johnson's criminal history shows that within the last 10 years he has twice committed felony level offenses. This fact is important because he will be testifying to his recent involvement in the alleged financial conspiracy. His familiarity with the criminal system affects his credibility because it shows that he understands the system and knows that he might receive consideration for his testimony.

The third factor – similarity of crimes – is intended to keep jurors from "draw[ing] a conclusion that is impermissible in law: because he did it before he must have done it again." *Bagley,* 772 F.2d at 488. In this case the concern is that evidence of Johnson's convictions would lead one to impermissibly assume that alleged crime also occurred. But Johnson's crimes were for Stalking and DUI, and the alleged crimes involve money laundering, Because of the different nature of the crimes it is unlikely that evidence of Johnson's prior convictions would lead the jury to an impermissible inference.

Finally, the last two factors go toward the importance of the witnesses' testimony, and the centrality of credibility. These factors are primarily of concern when a defendant intends to take the stand to testify to his innocence. *See U.S. v. Perkins*, 937 F.2d 1397, 1406 (9th Cir. 1991). When the witness's testimony and credibility are central to the case, these factors favor the admission of impeachment evidence. *See id.* (allowing evidence that the defendant had been convicted of the same crime because the defendant's credibility was central to the case). Although in the current case Johnson is not the defendant, he is an admitted co-conspirator testifying to the alleged criminal activity. As such his testimony will have a significant impact on the trial, and it is therefore necessary to provide the jury all reliable evidence that weighs on his veracity.

Considering all of these factors, Johnson's convictions are probative of both his veracity and the weight his testimony should be given; both of which are central to the upcoming trial. Admitting the evidence would not prove unfairly prejudicial because the dissimilarity of crimes involved. Thus, the probative value is not substantially outweighed by unfair prejudice, and the evidence of Johnson's Stalking and DUI convictions must be admitted under Rule 609.

Johnson's conviction for Attempting to Elude a Police Officer occurred in 2002 – slight more than 10 years ago. As noted previously, such evidence is admissible for impeachment purposes, but only if its probative value "substantially outweighs its prejudicial effect." Fed. R. Crim. P. 609(b). Additionally, the party wishing to use to evidence bears the burden of showing that is should be admissible. *See Browne*, 829 F.2d

at 763. In the current case, the Government has not shown that the probative value substantially outweighs its prejudicial effect. Therefore, any evidence of Johnson's conviction for Attempting to Elude a Police Officer is inadmissible.

In sum, the Court finds that the evidence of Johnson's Stalking and DUI convictions will be allowed for impeachment purposes. But evidence of Johnson's older conviction for Attempting to Elude a Police Officer is inadmissible.

## ORDER

**IT IS ORDERED that** Government's Motion in Limine (Dkt. 87) is **GRANTED** in part and **DENIED** in part. Evidence of Monte Johnson's prior conviction for Stalking and DUI will be admitted at trial; evidence of his conviction for Attempting to Elude a Police Officer, will not.

DATED: May 7, 2012

B. Lynn Winmill
Chief Judge
United States District Court